[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTIONS FOR ORDER OF NON-SUIT AND PLAINTIFFS' MOTION FOR MODIFICATION OF SCHEDULING ORDER
This litigation concerns a tragic explosion which occurred in Danbury, Connecticut on May 19, 1999, resulting in the loss of life, personal injuries to surviving victims, and property damage. In the revised complaint, which is nearly 900 pages in length, the plaintiffs essentially contend that the defendants have various interests in neighboring properties used for gasoline service stations, and are responsible for the explosion. The plaintiffs' theory is that as a result of spills on the defendants' property, gasoline or gasoline products migrated to the building that exploded on May 19, 1999. The explosion was preceded by a torrential rainstorm which, pursuant to the plaintiffs' theory, resulted in gasoline products migrating from the defendants' property to the site where the explosion occurred.
The defendants filed requests to revise which were granted in part by the court on November 29, 2001, and November 30, 2001. The effect of the orders was to require the plaintiffs to file within fifteen days, pursuant to Practice Book § 10-37, a substitute pleading in compliance with the revision orders.
The plaintiffs on January 25, 2002, filed a motion to enlarge time to respond to the court's November 2001 orders to revise their complaint. The court granted the motion only to allow the plaintiffs time to file the revised complaint, as ordered, no later than April 22, 2002.
The court also issued a modified pretrial scheduling order on January 31, 2002. That order required the plaintiffs to reply to written discovery on various dates between March 20, 2002 and May 4, 2002.
The defendants moved on April 15, 2002, and May 1, 2002, for orders of non-suit, in the first motion with respect to failure to comply with discovery obligations, and in the second motion with respect to the CT Page 7562 plaintiffs' continued failure to revise the complaint, as well as to comply with court-imposed discovery deadlines.
The defendants requested adjudication of their motions for orders of non-suit and a hearing was scheduled for June 10, 2002, at which time the motions were heard. The plaintiffs, on June 7, 2002, filed a revised complaint and provided answers to a majority of the defendants' discovery requests.
The plaintiffs concede that their liability theory initially relied on a preliminary State of Connecticut Department of Environmental Protection (DEP) report citing the defendants' properties as potential sources of the contamination that ultimately caused the explosion. The DEP, on January 9, 2002, issued a final report indicating that the defendants' properties were probably not the source of the contamination.
The plaintiffs have represented to the court that a substantial investment of time and money has been made in this case. Many experts have been retained and they have had unanticipated difficulties with respect to access to the Danbury sewer systems (requiring litigation with the City of Danbury) and an inability to replicate the torrential rain conditions that preceded the May 19, 1999 explosion. These obstacles encountered by the plaintiffs should have been presented by affidavit in a timely fashion prior to their failure to comply with specific court orders.
A non-suit, though authorized and justified by the plaintiffs' conduct in ignoring specific court orders, would nevertheless constitute an unduly harsh sanction on the plaintiffs, who appear to have been the innocent victims of this tragic explosion. Whether the defendants have any liability with respect to this tragedy, of course, remains to be proven. However, in view of the complex circumstances, the tragedies that did occur, and the good faith of the plaintiffs' counsel demonstrated by their substantial investments of time and money in the prosecution of this case, the court will not enter a non-suit at this time.
For their failure to timely respond to the court's discovery and pleading orders, the court orders as sanctions that the plaintiffs pay to the defendants the costs of their motions for non-suit, including reasonable attorneys' fees.
If the parties are unable to agree on the amount of reasonable attorneys' fees and costs associated with the motions for non-suit, the defendants are directed to file affidavits with respect to requests of an award of attorney's fees. The request will be set down for a hearing, if necessary. CT Page 7563
The plaintiffs must complete their discovery compliance by June 20, 2002.
With respect to their April 12, 2002, motion for modification of the scheduling order, the plaintiffs seek a six-month extension of all pretrial matters. The court grants the motion to the extent that the scheduled events under all numbered paragraphs of the current schedule, with the exception of paragraphs 2, 3 and 9, shall be extended by a period of four months.
 ___________________, J. ROBERT F. McWEENY